INSURANCE COMPANY OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, CAGUAS PART, JUAN C. SANTIAGO MATOS, JUDGE, Respondent; PRIMITIVO CARATINI, Intervener.

No. O-71-67.       Decided February 18, 1972.

*Jaime A. García Blanco* and *Octavio San Miguel Griffo* for petitioner. *Justino Ferrer Muñoz* for intervener.

MR. JUSTICE RIGAU delivered the opinion of the Court.

This is a case of an action for damages because of negligence brought on June 6, 1968, against the Municipality of Cidra, which was granted on June 24, 1970, ordering the defendant to pay $3,000 for damages, plus $500 for attorney's fees. On October 15, 1970, we denied a petition for review filed by the insurer of the Municipality before this Court.

Five days later the plaintiff requested the trial court to order the defendant, pursuant to the provisions of Rule 44.4 (e) of the Rules of Civil Procedure, to pay plaintiff interest from the date on which the complaint was filed until the date on which the judgment would be satisfied.

The insurer of the Municipality objected to the aforesaid petition for understanding that once the judgment became final and unappealable the court could not include in the

same interest because of obstinacy, but was in agreement with its obligation to pay interest beginning with the date on which judgment was rendered. The trial court decided the question against the insurer of the Municipality and at its request we issued writ of certiorari to review said act.

The aforementioned Rule 44.4(e) provides as follows:

"In all cases of money collection where the party has been obstinate the court shall impose on such person the payment of interest according to law, from the time in which there appeared cause of action and in case of damages, such payment of interest shall be imposed from the time the filing of the claim was made and computed on the amount of the judgment, except in the case where the defendant be the Commonwealth of Puerto Rico, its agencies, public corporations or the municipalities of Puerto Rico; Provided, That the provisions of this subsection shall only apply to causes of action that may arise subsequently to the date of its approval. [May 26, 1967]."

■ The immunity that said Rule 44.4(e) confers upon the municipalities and which is likewise conferred upon them by the Municipal Law[1] is not available to the petitioner for the following reasons.

The liability of an insurer under an insurance policy covering damages is direct, substantive, and absolute with respect to the persons entitled to recover damages. 26 L.P.R.A. §§ 2001, 2003; *Trigo* v. *The Travelers Ins. Co.*, 91 P.R.R. 843, 849 (1965). Consequently, the action against the insurer is direct, distinct, and separate from the action against the insured and the insurer is foreclosed from asserting the personal or privative defenses of the assured. *Garcia* v. *Northern Assurance Co.*, 92 P.R.R. 236, 244 (1965). This doctrine has been applied even when the assured municipality has raised the defense timely. The defense frees the municipality but not the insurer. *Cuchi Coll* v. *Government of the*

---

[1] Section 96-C of the Municipal Law, Act No. 142 of July 21, 1960, added by Act No. 119 of June 24, 1966; 21 L.P.R.A. § 1603c.

*Capital,* 93 P.R.R. 715, 718 (1966); *Ortiz* v. *Municipal Government of Ponce,* 94 P.R.R. 449, 453 (1967); *Insurance Co. of P.R.* v. *Ruiz Morales,* 96 P.R.R. 170, 174 (1968). In this last case we stated that "these conditions limiting the right of persons to request reparation must be interpreted restrictively."

In accordance with the foregoing, the petitioner could not raise the defense of governmental immunity as to interest because of obstinacy which the municipality itself, the only party entitled to oppose it, did not raise.[2]

The second reason why the defense of governmental immunity is not available to the petitioner is that the Insurance Code itself expressly denies this defense in requiring that in every insurance policy covering the risk of damages and losses of the State, of the municipalities, and of other agencies, it be provided that "the insurer shall not assert the defense of governmental immunity in any action brought against the insurer under or by virtue of such policy." 26 L.P.R.A. § 2004.

In *Pérez* v. *Maryland Casualty Co.,* 78 P.R.R. 453, 459 (1955), we held that a clause like the one required by the Code is equal to imposing upon the insurer the same kind of liability it would have if the assured were not the Government but a private entity not immune. Every litigant person or entity is subject to the imposition of interest because of obstinacy except the governmental entities to which immunity has been granted by laws.[3] It is fitting to observe that in actions against those insured, the party really interested in litigating defendant's liability generally is the insurer that covers the risk and the latter is the one that decides whether

---

[2] These defenses can neither be raised for the first time on appeal, *Insurance Co. of P.R.* v. *Ruiz Morales, supra* at p. 175.

[3] This immunity was denied even to an entity created by law (Coffee Insurance of Puerto Rico), whose powers and faculties were transferred to the Secretary of Agriculture. *Pons* v. *Rivera,* 85 P.R.R. 502, 520 (1962).

to litigate or compromise the claim. It would not be fair for an insurer of the Government to obstinately compel a claimant to litigate and that afterwards he could invoke the governmental immunity to shield himself from the consequences of said obstinacy.

In connection with the interest accrued from the time judgment *was rendered*, the petitioner admits its obligation and informs having satisfied same. This interest is proper as a question of law, 32 L.P.R.A. § 1473; *P.R. & Am. Ins. Co.* v. *Superior Court*, 84 P.R.R. 597 (1962); *Zequeira* v. *U.R.H.C.*, 95 P.R.R. 721 (1967), and it is not contrary to the laws of governmental immunity, 32 L.P.R.A. § 3083; 21 L.P.R.A. § 1603c.

The petitioner objects to the interest for the period from the date the complaint was filed until judgment was rendered, which, according to Rule 44.4(e), "where the party has been obstinate" the court "shall impose . . . ."

The imposition by the court of the payment of attorney's fees on the petitioner, constituted an implied determination of obstinacy. *Arroyo* v. *Municipality*, 81 P.R.R. 425, 426 (1959); *Montañez* v. *Metropolitan Constr. Corp.*, 87 P.R.R. 35, 36 (1962).

■ Petitioner adduces, nevertheless, that despite that implied determination of obstinacy, the court could not amend its judgment, which had become final and unappealable, to include the interest entailed by such a determination, since said act is not authorized by any of the procedural rules and is contrary to the cases of *P.R. & Am. Ins. Co.* v. *Superior Court, supra*, and *Banco Popular* v. *Superior Ct.; Domínguez, Int.*, 82 P.R.R. 236 (1961).

No error was committed. Rule 49.1 of the Rules of Civil Procedure provides that the errors in judgments arising "from oversight or omission may be corrected by the court

*at any time,* of its own initiative or on the motion of any party." (Italics ours.)

The situation of the case at bar is unlike that of the case of *Banco Popular* v. *Superior Ct.; Domínguez, Int., supra.* It was stated there that Rule 60 of the Rules of Civil Procedure of 1943, equivalent to the present Rule 49.1, was not applicable to the said case because the error corrected was not a mere clerical error or a matter of an oversight or omission of the judge, but that what appeared before him was a question of law which involved the interpretation of several subdivisions of § 8 of the Reasonable Rents Act.

It is also unlike that of the case *P.R. & Am. Ins. Co.* v. *Superior Court, supra,* where it was stated that "the only interest which is part of the judgment and recoverable, even though it is not mentioned therein, is that accrued as of the date of the judgment since by provision of law it should be considered automatically as part of said judgment." That case dealt with default interest which, according to the opinion, is of a different category and may be waived if appeal is not taken from the judgment which omits it. The omission in the case at bar does not involve a problem of law as the *Banco Popular* case, *supra,* nor interest of a different category to that entailed by the judgment after it is rendered.

■ The imposition of interest in the case at bar is of an identical nature with the imposition of attorney's fees. Both lie when the losing party has been obstinate and follow identical purposes: to dissuade the litigation and encourage compromise, by means of sanctions on the obstinate party to compensate the economical prejudices and the annoyances caused by its obstinacy suffered by the other party.

In relation to attorney's fees the rule is to the effect that whenever the trial court concludes that a party has been obstinate the award of attorney's fees is mandatory. *Castro* v. *Payco, Inc.,* 75 P.R.R. 59, 71 (1953); *Ortiz* v. *Martorell,*

80 P.R.R. 525, 533 (1958); *Montañez* v. *Metropolitan Constr. Corp.*, 87 P.R.R. 35, 36 (1962); *Maryland Casualty Co.* v. *District Court*, 72 P.R.R. 641, 643 (1951); *Pereira* v. *I.B.E.C.*, 95 P.R.R. 28, 67 (1967). The same is the rule as to interest. The very Rule 44.4(e) does not give rise to a different rule; said Rule states that the court "shall impose" said interest on the party which has been obstinate.

■ This rule, of course, is not contrary to the ruling in the case of *P.R. & Am. Ins. Co., supra.* What happens is that said case was decided in 1962 and Rule 44.4(e) was added to the Rules of Civil Procedure in 1967. The imposition of interest from the time of the filing of the complaint, when the party has been obstinate, is as mandatory as the imposition of interest from the time judgment is rendered, when the party has not been obstinate.

The question here involved is not one of substantive law, as it was in the *Banco Popular* case, *supra*, but it is a matter of a mere omission or of an oversight of the ones covered by Rule 49.1. In the case at bar the intention of the court was to grant interest because of obstinacy as shown by its pronouncement ordering the payment of the same; and pursuant to Rule 49.1, the omission of said interest could be corrected at any time.

It shall be recalled that in the case at bar a petition for review filed by petitioner was denied by this Court. There are several views as to whether the courts appealed from can correct errors after the case has been considered on appeal but in Puerto Rico this is not subject to discussion because our Rule 49.1 expressly provides that during the pendency of an appeal the mistakes mentioned in said rule may be corrected before the appeal is docketed in the appellate court, and that thereafter they may be so corrected with leave of said court.

■ Although it is true that in the instant case the correction was made without leave of this Court, it is also true that

we did not issue the writ of review but that we denied it. In review cases the leave mentioned in Rule 49.1 for appeal cases only applies when this Court decides to enter on the merits of the case and issues the writ. Irrespective of the foregoing the present appeal has offered us the opportunity of giving our approval to the correction made.

We, therefore, decide that the trial court was correct in holding that the interest lied from the date the claim was filed. Consequently, the writ issued will be quashed and the order entered by the Superior Court, Caguas Part, on December 4, 1970, will be affirmed.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.